IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| Debra Hernanz, | No. 24 CV22215 |
|---|---|
| Plaintiff, | SUMMONS TO DEFENDANT |
| vs. | |
| Oregon Episcopal School, | |
| Defendant. | |

To: Oregon Episcopal School, Agent for Service of Process Michael Spencer
6300 SW Nicol Rd.
Portland, OR 97223

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the Court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY**

You must 'appear' in this case or the other side will win automatically. To 'appear' you must file with the court a legal document called a 'motion' or 'answer.' The 'motion' or ' answer' must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff. If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

_____
Erik Gunderson, OSB 193669
Gunderson Employment Law
707 SW Washington St., Suite 1410
Portland, OR 97205

STATE OF OREGON, County of Multnomah) ss.
I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons and complaint in the above entitled action.

_____
Erik Gunderson, Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
Erik Gunderson, Attorney for Plaintiff

Page - 1 - SUMMONS

Exhibit 2
Page 1 of 17

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| Debra Hernanz,<br><br>Plaintiff,<br><br>v.<br><br>Oregon Episcopal School,<br><br>Defendant. | CASE NO.  24CV22215<br><br>COMPLAINT FOR:<br><br>1. VIOLATION OF ORS 659A.030<br>2. VIOLATION OF 42 U.S.C § 2000e-2<br>3. VIOLATION OF 29 U.S.C. § 621<br>4. VIOLATION OF ORS 659A.199<br><br>DEMAND FOR JURY TRIAL<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>PRAYER DEMANDS MONETARY RELIEF OF MORE THAN $50,000 AND LESS THAN $1,000,000 (ORS 21.160(1)(c)) |

Debra Hernanz, ("Hernanz") complains for cause of action against Oregon Episcopal School ("OES") as follows:

---

1  COMPLAINT AND DEMAND FOR
   JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 2 of 17

## FACTS COMMON TO ALL CLAIMS

1.

Hernanz is a natural person, and a resident of the state of Oregon and County of Washington. She identifies as female, of Korean descent, and is over the age of forty years.

2.

OES is a business entity organized according to the laws of the state of Oregon, Secretary of State registry number 012171-16, and present and doing business in the state of Oregon and County of Washington. On information and belief, OES employs more than fifty employees.

3.

At all relevant times until her termination, Hernanz was employed by OES, in the state of Oregon, initially as a Technology Teacher, and later as the Lower School Technology Specialist and then the Lower School Technology Coordinator. In those capacities, her immediate supervisor was David Lowell, OES' Head of Lower School, and she was ostensibly on a team headed by Cameron Jack, OES' Innovation Team Director and Brad Kuhns, OES' Director of Information Technology. The team included Ed Cecere (the Upper School Technology Coordinator) and Matthew Baylor (the Middle School Technology Coordinator). This team, in turn, reported to Peter Kraft, Assistant Head of School. Kraft reported to Mo Copeland, then the Head of School and principal administrator of OES. All of these are white men other than Copeland, who is a white female, and Cecere, who is partly of Korean descent; Cecere and Baylor are substantially younger than Hernanz.

2 COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 3 of 17

4.

During her time as an employee of OES, Hernanz was employed by way of successive one-year contracts. Hernanz reasonably expected that her contract would be renewed annually. When her contract was not renewed for the 2022-2023 school year, this was a termination of Hernanz's employment.

5.

During her time employed at OES, Hernanz encountered a workplace environment hostile to her on the basis of her race, sex, and age, and suffered retaliation for complaining of the same and for inquiring about the equity of her treatment by her employer as compared to others similarly-situated.

6.

For instance, Debra Thomas, a white teacher at OES, had touched Hernanz's person in September of 2021, under circumstances which were offensive to Hernanz and reasonably appeared to Hernanz to be substantially motivated by her race. Hernanz promptly raised the issue with Lowell and Jack, but no responsive action was taken. Hernanz then raised the issue with human resources, and again no substantial investigation took place and Hernanz was urged to "move on."

7.

In other incidents, Kuhns behaved in unreasonable and aggressive ways towards Hernanz including shouting and disparaging comments concerning Hernanz's use of a particular electronic device, and telephone calls again including shouting and anger over relatively trivial issues. Similar conduct was not directed at either Cecere or Baylor (who

3 COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 4 of 17

used similar devices) and had similar sorts of issues arise in their work. Some of these incidents occurred soon after Hernanz' hiring in 2019, and Hernanz raised those issues with her on-boarding mentor Ari Sternberg, immediately. Sternberg's response was that Hernanz could "take it or leave it." In early 2020, Hernanz raised these issues again with Lowell, who dismissively told her to take it up with human resources. Based on the apparently uncaring response from Sternberg and Lowell, Hernanz was discouraged from following through with a complaint about these issues to human resources; nevertheless, these incidents contributed to the pattern of behavior that was part of the the workplace environment encountered by Hernanz at OES.

8.

However, after making those complaints, Kuhns and others stopped inviting Hernanz to meetings concerning Hernanz's work and the work to be done by the team of which she was ostensibly a member. Hernanz complained to Jack about the exclusion from these meetings in April of 2021, but to no effect.

9.

In August of 2021 and after making several complaints of racial and sexual discrimination for the above and similar incidents, Hernanz was assigned by OES to perform assistant teaching duties for fourth grade teachers in addition to her ordinary duties. The job functions of a teaching assistant are substantially clerical in nature and not suited for someone of Hernanz's education, knowledge, skills, and experience. Neither Cecere nor Baylor were required to perform teaching assistant duties in addition to their duties as Technology Coordinators.

| 4 | COMPLAINT AND DEMAND FOR JURY TRIAL | Erik Gunderson, OSB 193669<br>GUNDERSON EMPLOYMENT LAW<br>707 SW Washington St., Suite 1410<br>Portland, OR 97205<br>(503) 713-1710<br>ErikG@GundersonEmploymentLaw.com |
|---|---|---|

Exhibit 2
Page 5 of 17

10.

At various points from 2020 through 2022, Hernanz reported, both through email and the OES employee Slack channel, to Kuhns and Lowell that students were able to create individual accounts through OES's Zoom videoconferencing application. Hernanz reasonably believed that permitting such functionality was a violation of Federal law and school policies governing online student safety, and raised the issue with her superiors as early as March of 2020, but was effectively ignored, part of the pattern of OES ignoring and belittling Hernanz. Ultimately several students were subjected to inappropriate content through the application in May of 2020 when an unknown third party "Zoom bombed" online classes with sexually explicit material.

11.

In March of 2022, while Hernanz was away from the premises of OES at a conference, three male colleagues taught the fifth grade class to which Hernanz had been assigned. Among other tools used for this purpose was an app called Flipaclip installed on handheld tablets, which had first been used by instructors other than Hernanz, and for which Hernanz had received instructions to use. Advertisements inappropriate for the age of these students were noticed on some students' tablets. The actual source of the advertisements, on information and belief, is the viewing habits of the user of the tablet. However, Hernanz was blamed for the appearance of these inappropriate advertisements, notwithstanding that the application itself had been approved and mandated for use by OES, Hernanz did not control the use of the tablets and resulting data fed into the algorithm, and at least three male colleagues were responsible for the continued use of the application by Lower School students after the inappropriate advertisement issue had become apparent (including the faculty member who had first recommended that OES use this application). To Hernanz's knowledge, no disciplinary

5 COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 6 of 17

action was implemented for any of the at least three white male employees who failed to take action to remove the ability of Lower School students to use the Flipaclip application (as Hernanz ultimately did).—Nevertheless, OES held Hernanz responsible for the incident and included this as a substantial basis for the performance improvement plan that led up to Hernanz's termination.

12.

In April of 2022 Lowell informed Hernanz that she was being placed on a performance improvement plan by OES due to purportedly poor job performance. Lowell was the principal author of the initial plan, on information and belief with substantial collaboration by Jack and Kuhns. The plan initially claimed that there were three problem areas identified: "ongoing challenges to working effectively with the team," "A similar report .. regarding the ongoing L&T [Learning and Teaching] initiative," and "concerns about the suitability / appropriateness of a Technology Tool called Flipaclip and, more generally, a lack of clarity as to the approach, scope, and sequence, and overall work in the LS [Lower School]Technology classes." As noted above, substantially all of these issues were the result of actions of other people, demonstrating that the claimed reasons for discipline were pretextual: Hernanz had been excluded from working with her team members or actively discouraged from working with Kuhns by his aggressive and critical behavior which was not directed at others who reported to Kuhns (and which behavior had been ignored by OES notwithstanding Hernanz's complaints which she had been discouraged to make); and the Flipaclip application had been recommended by a different person, approved for use by the school, only developed problems while Hernanz was away, and which Hernanz had advocated for deleting from student tablets once the problem had manifested. Hernanz protested to OES' upper administration that the PIP had been implemented for improper

| 6 | COMPLAINT AND DEMAND FOR JURY TRIAL | Erik Gunderson, OSB 193669<br>GUNDERSON EMPLOYMENT LAW<br>707 SW Washington St., Suite 1410<br>Portland, OR 97205<br>(503) 713-1710<br>ErikG@GundersonEmploymentLaw.com |
|---|---|---|

Exhibit 2
Page 7 of 17

reasons including but not limited to Hernanz's race and sex and in retaliation for Hernanz's prior complaints of improper treatment.

13.

After the PIP was implemented, Jack approached Hernanz in the Lower School courtyard. His demeanor was intimidating and menacing, and he made and sustained eye contact with Hernanz at an unnatural distance and for an unnatural length of time. He used a threatening tone of voice but said words which, if read out of context, would have seemed innocuous: "Have a nice day." Hernanz reasonably felt threatened by this conduct, and promptly reported it to OES human resources. Jack's activities were especially concerning because at the time, he was a key participant in determining whether Hernanz was meeting the expectations of her PIP. OES performed an at-best perfunctory investigation of the incident. During the investigation, Hernanz inquired about the presence of any available security cameras that might have generated footage of the incident. OES's head of human resources quickly stated that there were no such cameras. However, a visual search of the area later revealed that there were three cameras that could have observed and filmed the incident.

14.

Also after the PIP was implemented, Hernanz reported to Kuhns and Jack that she had been asked by the Third Grade Team to come up with a way to imbed YouTube Videos into a presentation. Hernanz balked at this request because she believed that doing as requested would cause OES to violate federal copyright law. Kuhns and Jack responded that she should proceed as instructed. Hernanz requested that they confirm the legality of the instruction by asking a lawyer for advice. They responded that they would get someone else to do the work.

| 7 | COMPLAINT AND DEMAND FOR JURY TRIAL | Erik Gunderson, OSB 193669<br>GUNDERSON EMPLOYMENT LAW<br>707 SW Washington St., Suite 1410<br>Portland, OR 97205<br>(503) 713-1710<br>ErikG@GundersonEmploymentLaw.com |

Exhibit 2
Page 8 of 17

15.

On 12 May 2022, the Head of School, Mo Copeland, responded to Hernanz's complaints about the appropriateness of the PIP by issuing a modified version of it, which later was characterized as a simplification of its terms. However, Copeland left the PIP in place, effectively ratifying the imposition of the PIP on behalf of OES.

16.

On 24 May 2022, without further meetings or feedback concerning compliance with the PIP, OES informed Hernanz that her contract would not be renewed upon its expiration, terminating her employment as of June 2022.

17.

Within one year of her termination of employment, Hernanz presented claims to the Oregon Bureau of Labor and Industries and by cross-filing to the Federal Equal Employment Opportunity Commission concerning the above. Those files are now closed, exhausting Hernanz's pre-filing administrative remedies. Within ninety days of the Oregon Bureau of Labor and Industries' closure of its file (which occurred before that of its Federal cognate agency), this lawsuit was filed. This suit is therefore timely filed.

18.

Hernanz has suffered damages as a result of OES' treatment of her, including but not limited to loss of earnings, diminishment of earning capacity, emotional distress, and expenses incurred in searching for and obtaining other employment in an amount to be proven by evidence to be adduced at the trial of this matter and currently estimated at $999,999. Hernanz has also been obliged to retain attorneys and incur fees and costs in

8 COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 9 of 17

the presentation of the within action, in excess of other damages herein prayed for, in an amount to be proven by evidence to be adduced after the entry of judgment in her favor.

## FIRST CAUSE OF ACTION
## VIOLATION OF OREGON REVISED STATUTE 659A.030
## (DISCRIMINATION ON THE BASIS OF SEX, NATIONAL ORIGIN, RACE, AND AGE; RETALIATION FOR COMPLAINING OF SAME)

19.

Plaintiff restates and realleges the contents of paragraphs 1 through 18 as if set forth herein fully.

20.

OES imposed adverse employment actions, including the imposition of a hostile workplace environment, harassment, disparate treatment and termination of Hernanz's employment, on the basis of Hernanz's sex, race, national origin, and age, in violation of ORS 659A.030, and on the basis of Hernanz's complaints of such treatment.

21.

Hernanz has suffered damages as a result of OES's treatment of her, including but not limited to loss of earnings, diminishment of earning capacity, emotional distress, and expenses incurred in searching for and obtaining other employment including costs of relocation, in an amount to be proven by evidence to be adduced at the trial of this matter and currently estimated at $999,999. Hernanz has also been obliged to retain attorneys and incur fees and costs in the presentation of the within action, in excess of her damages

9   COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 10 of 17

herein prayed for, in an amount to be proven by evidence to be adduced after the entry of judgment in her favor.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 2000e-2
## (DISCRIMINATION ON THE BASIS OF SEX, NATIONAL ORIGIN, AND RACE; RETALIATION FOR COMPLAINING OF SAME)

22.

Plaintiff restates and realleges the contents of paragraphs 1 through 21 as if set forth herein fully.

23.

OES imposed adverse employment actions, including the imposition of a hostile workplace environment, harassment, disparate treatment and termination of Hernanz's employment, on the basis of Hernanz's sex, race, and national origin, in violation of 42 U.S.C. § 2000e-2, and on the basis of Hernanz's complaints of such treatment.

24.

Hernanz has suffered damages as a result of OES's treatment of her, including but not limited to loss of earnings, diminishment of earning capacity, emotional distress, and expenses incurred in searching for and obtaining other employment including costs of relocation, in an amount to be proven by evidence to be adduced at the trial of this matter and currently estimated at $999,999. Hernanz has also been obliged to retain attorneys and incur fees and costs in the presentation of the within action, in excess of her damages

10  COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 11 of 17

herein prayed for, in an amount to be proven by evidence to be adduced after the entry of judgment in her favor.

## THIRD CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. § 621
## (DISCRIMINATION ON THE BASIS OF AGE, RETALIATION FOR COMPLAINING OF SAME)

25.

Plaintiff restates and realleges the contents of paragraphs 1 through 24 as if set forth herein fully.

26.

OES imposed adverse employment actions, including the imposition of a hostile workplace environment, harassment, disparate treatment and termination of Hernanz's employment, on the basis of Hernanz's age, in violation of 42 U.S.C. § 2000e-2, and on the basis of Hernanz's complaints of such treatment.

27.

Hernanz has suffered damages as a result of OES's treatment of her, including but not limited to loss of earnings, diminishment of earning capacity, emotional distress, and expenses incurred in searching for and obtaining other employment including costs of relocation, in an amount to be proven by evidence to be adduced at the trial of this matter and currently estimated at $999,999. Hernanz has also been obliged to retain attorneys and incur fees and costs in the presentation of the within action, in excess of her damages

| 11 | COMPLAINT AND DEMAND FOR JURY TRIAL | Erik Gunderson, OSB 193669<br>GUNDERSON EMPLOYMENT LAW<br>707 SW Washington St., Suite 1410<br>Portland, OR 97205<br>(503) 713-1710<br>ErikG@GundersonEmploymentLaw.com |
|---|---|---|

Exhibit 2
Page 12 of 17

herein prayed for, in an amount to be proven by evidence to be adduced after the entry of judgment in her favor.

## FOURTH CAUSE OF ACTION
## VIOLATION OF OREGON REVISED STATUTE 659A.199
## (DISCRIMINATION ON THE BASIS OF OPPOSING OR REPORTING PLAUSIBLY SUSPECTED ACTIVITIES CONTRARY TO LAW)

28.

Plaintiff restates and realleges the contents of paragraphs 1 through 27 as if set forth herein fully.

29.

OES imposed adverse employment actions, including the imposition of a hostile workplace environment, harassment, disparate treatment and termination of Hernanz's employment, on the basis of Hernanz's sex, race, national origin, and age, in violation of ORS 659A.030, and on the basis of Hernanz's complaints of such treatment.

30.

Hernanz has suffered damages as a result of OES's treatment of her, including but not limited to loss of earnings, diminishment of earning capacity, emotional distress, and expenses incurred in searching for and obtaining other employment including costs of relocation, in an amount to be proven by evidence to be adduced at the trial of this matter and currently estimated at $999,999. Hernanz has also been obliged to retain attorneys and incur fees and costs in the presentation of the within action, in excess of her damages

12  COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 13 of 17

herein prayed for, in an amount to be proven by evidence to be adduced after the entry of judgment in her favor.

**PRAYER FOR RELIEF**

Wherefore, Hernanz prays that this Court enter judgment in her favor and against OES, as follows:

1. For economic and non-economic damages in a fair and reasonable amount to be determined by the jury, not to exceed $999,999; and

2. For attorney's fees and costs of suit herein incurred, in an amount to be proven by evidence to be adduced upon the conclusion of the trial of this matter per ORCP 68; and

3. For such other and further relief as this Court may deem just and proper.

6 May 2024                              Respectfully Submitted,

                                        GUNDERSON EMPLOYMENT LAW


                                        /s/ Erik Gunderson
                                        By: Erik Gunderson
                                        OSB No. 193669
                                        Attorneys for Plaintiff Debra Hernanz

13 COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 14 of 17

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims triable by a jury.

6 May 2024

Respectfully Submitted,

GUNDERSON EMPLOYMENT LAW

/s/ Erik Gunderson
By: Erik Gunderson
OSB No. 193669
Attorneys for Plaintiff Debra Hernanz

14 COMPLAINT AND DEMAND FOR JURY TRIAL

Erik Gunderson, OSB 193669
GUNDERSON EMPLOYMENT LAW
707 SW Washington St., Suite 1410
Portland, OR 97205
(503) 713-1710
ErikG@GundersonEmploymentLaw.com

Exhibit 2
Page 15 of 17

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR WASHINGTON COUNTY

| | |
|---|---|
| **DEBRA HERNANZ**<br>Plaintiff/Petitioner<br>vs.<br>**OREGON EPISCOPAL SCHOOL**<br>Defendant/Respondent | Cause No.: **24-CV22215**<br>Hearing Date:<br><br>DECLARATION OF SERVICE OF<br>**Complaint; Summons** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a resident of the State of Oregon, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **8th day of July, 2024** at **4:22 PM** at the address of **6300 SW Nicol Rd, Portland, Washington, OR 97223**; this declarant served the above described documents upon **OREGON EPISCOPAL SCHOOL c/o Michael Spencer, Registered Agent for Service of Process**, by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **veema doe, director of HR**, **I delivered the documents to veema doe, director of HR who identified themselves as the person authorized to accept. The individual accepted service with direct delivery. The individual appeared to be a black-haired Pacific Islander female contact 45-55 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with an accent and glasses.**.

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Service Fee Total: **$95.00**

Date: 07/08/2024

_____
**Angellaki Kaloudis**
**12925 SW Katherine St, Portland, OR 97223**

REF: **Hernanz v OES**

ORIGINAL DECLARATION OF SERVICE

Tracking #: **0137230766** PDX FIL

Exhibit 2
Page 16 of 17

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR WASHINGTON COUNTY

**DEBRA HERNANZ**

Plaintiff/Petitioner

vs.

**OREGON EPISCOPAL SCHOOL**

Defendant/Respondent

Cause No.: **24-CV22215**

DECLARATION OF MAILING OF
**Complaint; Summons**

The undersigned hereby declares: that I, Laurice Averill, am a legal resident of the State of Oregon, over the age of 18, and not party to, nor interested in the within entitled action. My business address is 1099 Stewart St Suite 700, Seattle, WA 98101.

That on **July 09, 2024**, after personal service was made on **July 08, 2024** to **veema doe, director of HR**, a **I delivered the documents to veema doe, director of HR who identified themselves as the person authorized to accept. The individual accepted service with direct delivery. The individual appeared to be a black-haired Pacific Islander female contact 45-55 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with an accent and glasses**, I completed service by depositing a true copy of the **Complaint;Summons**, marked with confirmation of date, time, and place of personal service in the United States mail, by first class mail with proper postage attached.

That I addressed the envelope(s) as follows:

> OREGON EPISCOPAL SCHOOL
> c/o Michael Spencer, Registered Agent for Service of Process
> 6300 SW Nicol Rd
> Portland, OR 97223

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

I executed this declaration on July 09, 2024 at Seattle, WA.


*/s/ Laurice Averill*
_____
Declarant  Laurice Averill, 1099 Stewart St Suite 700, Seattle, WA 98101. 206-521-9000.

**Tracking #: 0137230759** PDX

Exhibit 2
Page 17 of 17